# EXHIBIT 1

**EDGAR SNYDER & ASSOCIATES**
BY: BRAD D. TRUST
IDENTIFICATION NO. 83748
600 GRANT STREET, FL 10
PITTSBURGH, PA 15219
(412) 394-5481

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: ROBERT J. MONGELUZZI/DAVID L. KWASS/          Attorneys for Plaintiffs
ELIZABETH A. BAILEY
IDENTIFICATION NO.: 36283/65856/316689
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
(215) 496-8282

GD 19   11905

| | |
|---|---|
| ALISA M. GORCHOCK as Administratrix of THE ESTATE OF JOHN M. GORCHOCK and In Her Own Right 1645 Eben Street, Pittsburgh PA 15226.<br><br>    Plaintiff,<br>  v.<br><br>AECOM C&E, INC. c/o CT Corporation System 2001 Market Street, 5th Floor Philadelphia, PA 19103<br><br>  and<br><br>AECOM CONSULT, INC. c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101<br><br>  and<br><br>AECOM ENERGY & CONSTRUCTION, INC. c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 | ALLEGHENY COUNTY COURT OF COMMON PLEAS<br><br>LAW DIVISION |

and

AECOM FIELD SERVICES, LLC
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

and

AECOM GOVERNMENT SERVICES, INC.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

and

AECOM INFRASTRUCTURE, INC.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

and

AECOM MANAGEMENT SERVICES, INC.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

and

AECOM N&E TECHNICAL
SERVICES, LLC
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

and

AECOM POWER E&C, INC.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

and

AECOM SERVICES OF PA, INC.

c/o CT Corporation System
2001 Market Street, 5th Floor
Philadelphia, PA 19103

and

AECOM SERVICES, INC.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

and

AECOM SPECIAL MISSIONS
SERVICES, INC.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

and

AECOM TECHNICAL SERVICES, INC.
c/o CT Corporation System
2001 Market Street, 5th Floor
Philadelphia, PA 19103

and

AECOM USA, INC.
c/o CT Corporation System
2001 Market Street, 5th Floor
Philadelphia, PA 19103

and

URS CORPORATION
701 S. Carson Street, Suite 200
Carson City, NV 89701

and

URS CORPORATION SERVICES
c/o CT Corporation System
2001 Market Street, 5th Floor
Philadelphia, PA 19103

and

ABC CORPORATIONS (1-10)

Defendants.

| NOTICE | AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar perSonsalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. <u>THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.</u> | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONSA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. <u>ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.</u> |
| <u>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.</u> | <u>SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONSAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.</u> |
| ALLEGHENY COUNTY BAR ASSOCIATION LAWYER REFERRAL SERVICE | |

| 400 Koppers Building, 436 Seventh Avenue | ALLEGHENY COUNTY BAR ASSOCIATION |
| --- | --- |
| Pittsburgh, Pennsylvania 15219 | LAWYER REFERRAL SERVICE |
| (412) 261-6161" | 400 Koppers Building, 436 Seventh Avenue |
| | Pittsburgh, Pennsylvania 15219 |
| | (412) 261-6161 |

## COMPLAINT – CIVIL ACTION

1. Plaintiff, Alisa M. Gorchock ("Plaintiff") is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at the above-captioned address bringing this action as Administratrix of the Estate of John M. Gorchock, deceased ("John Gorchock") pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8301, and the Pennsylvania Survival Act, 42 Pa. C.S.A. § 8302.

2. John Gorchock died with a spouse, Alisa M. Gorchock. Under 42 Pa.C.S.A. § 8301(b) is beneficiaries are, as follows:

      a. Alisa M. Gorchock (wife) – date of birth: June 17, 1976; 1645 Eben Street, Pittsburgh PA 15226;

      b. Lilly R. Gorchock (daughter) – date of birth: August 23, 2007; 1645 Eben Street, Pittsburgh PA 15226; and

      c. Rubie J. Gorchock (daughter) – date of birth: June 25, 2010; 1645 Eben Street, Pittsburgh PA 15226.

3. This action has been commenced within two (2) years after the death of John Gorchock.

4. Prior to the death of John Gorchock, no action was brought to recover for the carelessness, negligence, and/or other liability producing conduct of Defendants which resulted in Mr. Gorchock's pain, suffering and death. No action for the Wrongful Death of John Gorchock was commenced against the Defendants, nor has any Survival Action been commenced against the Defendants.

5. Defendant, AECOM C&E, Inc. is a corporation organized and existing under the laws of the state of Delaware, with an address for service at the above captioned address.

6. Defendant, AECOM Consult, Inc. is a corporation organized and existing under the laws of the state of Delaware, with an address for service at the above captioned address.

7. Defendant, AECOM Energy & Construction, Inc. is a corporation organized and existing under the laws of the state of Ohio, with an address for service at the above captioned address.

8. Defendant, AECOM Field Services, LLC is a corporation organized and existing under the laws of the state of Delaware, with an address for service at the above captioned address.

9. Defendant, AECOM Government Services, Inc. is a corporation organized and existing under the laws of the state of Delaware, with an address for service at the above captioned address.

10. Defendant, AECOM Infrastructure, Inc. is a corporation organized and existing under the laws of the state of New York, with an address for service at the above captioned address.

11. Defendant, AECOM Management Services, Inc. is a corporation organized and existing under the laws of the state of Delaware with an address for service at the above captioned address.

12. Defendant, AECOM N&E Technical Services, LLC is a corporation organized and existing under the laws of the state of Delaware with an address for service at the above captioned address.

13. Defendant, AECOM Power E&C, Inc. is a corporation organized and existing under the laws of the state of Delaware with an address for service at the above captioned address.

14. Defendant, AECOM Services of PA, Inc. is a corporation organized and existing under the laws of the state of Pennsylvania with an address for service at the above captioned address.

15. Defendant, AECOM Services, Inc. is a corporation organized and existing under the laws of the state of California with an address for service at the above captioned address.

16. Defendant, AECOM Special Missions Services, Inc. is a corporation organized and existing under the laws of the state of Pennsylvania with an address for service at the above captioned address.

17. Defendant, AECOM Technical Services, Inc. is a corporation organized and existing under the laws of the state of California with an address for service at the above captioned address.

18. Defendant, AECOM USA, Inc. is a corporation organized and existing under the laws of the state of New York with an address for service at the above captioned address.

19. Defendant, URS Corporation is a corporation organized and existing under the laws of the state of Nevada with a principal place of business at the above captioned address.

20. Defendant, URS Corporation Services is a corporation organized and existing under the laws of the state of Pennsylvania with an address for service at the above captioned address.

21. Defendants, ABC Corporations (1-10) are corporations or other business entities are professional engineers and construction contractors responsible for constructing and designing the incident dewatering facility, and/or are otherwise liable for the injuries suffered by Plaintiff and Plaintiff Decedent.

22. Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendants ABC Corporations (1-10) are currently unidentified, fictitious defendants named as ABC Corporations where their actual name/identity is unknown despite a reasonable and diligent search.

23. A reasonable and diligent search was conducted to determine the actual names/identities of ABC Corporations (1-10).

24. Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, as aforementioned, as defendants pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

25. Upon information and belief, on July 13, 2019, AECOM C&E, Inc., and/or one of its wholly owned subsidiaries, purchased URS Corporation and its wholly owned subsidiaries for approximately $4 billion, to become one of the largest companies in the engineering and construction industry.

26. Defendants, AECOM C&E, Inc., AECOM Consult, Inc., AECOM Energy & Construction, Inc., AECOM Field Services, LLC, AECOM Government Services, Inc., AECOM Infrastructure, Inc., AECOM Management Services, Inc., AECOM N&E Technical Services, LLC, AECOM Power E&C, Inc., AECOM Services of PA, Inc., AECOM Services, Inc., AECOM Special Missions Services, Inc., AECOM Technical Services, Inc., AECOM USA, Inc., URS Corporation, and URS Corporation Services are hereinafter referred to as the "AECOM Defendants."

27.    At all relevant times, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency, service and employment with Defendants.

28.    Defendants purposely established significant contacts in Pennsylvania, have carried out, and continue to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conduct business in Allegheny County.

29.    In December 2012, the Pennsylvania Department of Environmental Protection issued a Consent Decree, ordering the shutdown of the coal ash pond known as Little Blue Run, where coal ash byproduct from the Bruce Mansfield Power Plant in Shippingsport, Pennsylvania ("Mansfield Plant"), was being dumped.

30.    The coal ash byproduct is produced as a waste from the Mansfield Plant operations and consists of water, fly ash, sulfur, and lime, a chemical used as part of a scrubbing process to limit sulfur dioxide emissions. The material present in the coal ash byproduct consisted of the food source for the sulfur-reducing bacteria ("SRB") that produce hydrogen sulfide.

31.    The Consent Decree ordered Little Blue Run to cease receiving coal ash byproduct from the Mansfield Plant starting in January, 2017.

32.    In response to the Consent Decree, FirstEnergy, the owner of the Mansfield Plant, planned to build a dewatering facility at Mansfield Plant to treat the coal ash byproduct and to enable its transport and disposal at another site.

33.    The dewatering facility was intended to process 2.5 million to 3.5 million tons of coal ash byproduct from the Mansfield Plant annually.

34.     AECOM Defendants and ABC Corporations (1-10) were retained by and had a contract with FirstEnergy to serve as the professional engineers and construction contractors for the erection of the dewatering facility at the Mansfield Plant.

35.     Upon information and belief, URS and/or one of its wholly-owned subsidiaries was responsible for building the dewatering facility at the Mansfield Plant.

36.     In the beginning of January 2017, FirstEnergy began treating coal ash byproduct produced at the dewatering facility.

37.     Throughout the winter, spring and summer of 2017, the dewatering Plant was often rendered nonfunctioning due to technical issues.

38.     When the dewatering facility was nonfunctional, the Mansfield Plant had no way to dispose of its coal ash byproduct.

39.     During 2017, one or more of the Enerfab companies was under contract with FirstEnergy to perform work and/or maintenance at the Mansfield Plant.

40.     At all relevant times, FirstEnergy entrusted part(s) of their work to one or more of the Enerfab companies but retained control of a portion(s) of that work.

41.     In the hours between August 29 and August 30, 2017, John Gorchock was working for Enerfab at the Mansfield Plant.

42.     On that date, John Gorchock and several other Enerfab workers attempted to remove an elbow joint from a pipe ("subject pipe") in a partially underground and partially enclosed concrete structure. The structure has limited access and egress and is therefore a confined space as defined by OSHA.

43.     These workers were instructed that subject pipe contained water only.

44. Mr. Cantwell, Kevin Bachner, John Gorchock, Nathanial Compton, and Michael Gorchock were performing the necessary work near the bottom of the structure while Mark Wagner remained at the top of the structure.

45. During the work, a circuit breaker tripped, leading to a power outage which in turn caused darkness in the structure. Mr. Cantwell climbed out of the structure to reset the circuit breaker and restore lighting.

46. Immediately after Mr. Cantwell climbed out of the structure, a noxious, dangerous and/or poisonous gas believed to be hydrogen sulfide was released from the subject pipe.

47. Mr. Cantwell restored power and light, then returned to the structure, at which point he heard screams and other sounds of distress from the workers at the bottom. Mr. Cantwell leaned over the exit ladder to determine what was happening and found Nathanial Compton and Michael Gorchock climbing the ladder to get out.

48. Nathaniel Compton successfully pushed Michael Gorchock out of the structure, but lost consciousness on the ladder before finishing his own climb.

49. Mr. Cantwell leaned down the ladder to grab Nathaniel Compton in an attempt to rescue him, but lost consciousness as a result of his own exposure to the gas.

50. Plaintiff, Nathaniel Compton and Michael Gorchock were all found outside of the structure by rescue crews and taken to local hospitals for treatment.

51. Kevin Bachner and John Gorchock were unable to escape and died, either from their exposure to the gas or from drowning in the structure while unconscious.

52. Solely and as a direct result of the carelessness, negligence and/or other liability producing conduct of Defendants, Plaintiff's decedent Mr. Gorchock sustained injuries that led to his death; he sustained conscious pain and suffering and fear of impending death; has sustained

a permanent loss of earnings and loss of earning capacity; he has sustained permanent loss of enjoyment of life, loss of life's pleasures and loss of life's hedonic pleasures; he has been permanently prevented from performing all of his usual duties, occupations, recreational activities and avocations all to his and his beneficiaries' loss and detriment.

## COUNT I - PROFESSIONAL NEGLIGENCE AND NEGLIGENCE
## PLAINTIFF VS. AECOM DEFENDANTS and ABC Corporations (1-10)

53.    All preceding paragraphs of this Complaint are incorporated here by reference.

54.    Defendants performed design, engineering, and/or construction services at the Mansfield Plant for the construction of the dewatering facility.

55.    As the engineer for the dewatering facility, Defendants had a duty to Plaintiff to render architectural, design, or engineering services consistent with the standards of care in the engineering, design and architectural industry.

56.    As the engineer for the dewatering facility, Defendants knew or should have known that the sulfur present in the coal ash byproduct would promote the presence of SRB which is known to reduce inorganic sulfur compounds, such as sulfite, thiosulfate, or elemental sulfur and create hydrogen sulfide.

57.    As the engineer for the dewatering facility, Defendants knew or should have known of the risk presented by SRB and that SRB get their energy by reducing elemental sulfur to hydrogen sulfide.

58.    As the engineer for the dewatering facility, Defendants knew or should have known that the hydrogen sulfide produced from the coal ash byproduct posed a substantial risk of serious injury or death.

59.    The care, skill and/or knowledge exercised by Defendants on this project fell below and deviated from the professional standards in the engineering industry.

60.     The injuries sustained by the Plaintiff and Plaintiff decedent were caused by the negligence and carelessness of Defendants acting by and through its agents, servants, workers and/or employees, both generally and in the following particular respects:

> a)      Failure to engineer, design and construct the dewatering Plant in compliance with applicable government and industry standards;
>
> b)      Failure to engineer, design and construct the dewatering Plant such that it was functional and fit for its intended use;
>
> c)      Failure to appreciate and address the risk of hydrogen sulfide presented by the coal ash byproduct;
>
> d)      Failure to engineer, design and construct the dewatering facility to mitigate or prevent the development of hydrogen sulfide gas at the Plant;
>
> e)      Failure to warn FirstEnergy and its agents, employees and contractors of the risk of hydrogen sulfide creation and exposure;
>
> f)      Failure to provide written work instructions and operating procedures with clearly stated safety and precautionary information with procedures for obtaining management approval if conditions necessitated deviation from those procedures;
>
> g)      Failure to provided instructions on alternative operating procedures in the event of dewatering facility non-operation;
>
> h)      Failure to require or recommend the installation of hydrogen sulfide detectors;
>
> i)      Failure to identify locations at Mansfield Plant at risk for hydrogen sulfide development and exposure as a result of the coal ash byproduct;
>
> j)      Failure to install or recommend installation of hydrogen sulfide warnings in the locations at Mansfield Plant at risk for hydrogen sulfide development and exposure as a result of coal ash byproduct;
>
> k)      Failure to develop or recommend the development of safety and rescue protocols for persons exposed to hydrogen sulfide at the Mansfield Plant;
>
> l)      Failure to construct a dewatering Plant that sufficiently treated coal ash byproduct and permitted its proper disposal;

m)      Violation the NSPE Code of Ethics for Engineers;

n)      Violation the ASCE Code of Ethics for Engineers;

o)      Failure to take precautions which would have protected personnel, employees and contractors from the particular and unreasonable risks of harm which Defendants recognized or should have recognized;

p)      Failure to adequately warn FirstEnergy and its agents, employees and contractors of the peculiar and/or unsafe conditions and/or special dangers existing upon the subject project by virtue of the coal ash byproduct and its treatment or lack thereof;

q)      Failure to provide proper maintenance procedures;

r)      Failure to provide operating and maintenance manuals that adequately informed maintenance personnel of the hazards of hydrogen sulfide;

s)      Failure to warn FirstEnergy personnel, employees and contractors of the conditions that could lead to the release of hydrogen sulfide from coal ash byproduct;

t)      Failure to abide by and comply with the provisions governing solid waste treatment set forth by the Environmental Protection Agency, including but not limited to 40 CFR 264.31;

u)      Failure to train and supervise their employees properly;

v)      Failure to hire competent employees, safety inspectors, contractors and subcontractors;

w)      Violation of and failure to comply with federal and state statutes, local ordinances and all other rules or regulations applicable, or in effect, pertaining to their work;

x)      Promulgation and/or adoption insufficient plans for the work addressing the issue of hydrogen sulfide;

y)      Failing to recommend, provide and enforce frequent inspections of the Mansfield Plant following completion of the work; and

z)  Failing to address safety considerations by contract.

61.  By conducting themselves as set forth above, Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of John Gorchock's injuries and death.

**WHEREFORE,** Plaintiff Alisa M. Gorchock as Administratrix of the Estate of John M. Gorchock and In Her Own Right demands judgment in her favor and against the Defendants in an amount in excess of Thirty-Five Thousand Dollars ($35,000.00) including delay damages interest and allowable costs of suit and brings this action to recover same.

## COUNT II – WRONGFUL DEATH
### PLAINTIFF v. ALL DEFENDANTS

62.  All preceding paragraphs of this complaint are incorporated here by reference.

63.  Plaintiff Alisa M. Gorchock brings this action to recover for John Gorchock's wrongful death, under and by virtue of 42 Pa. C.S.A. § 8301 *et. seq.*, commonly known as the Pennsylvania Wrongful Death Act.

64.  No action for damages was brought by John Gorchock during his lifetime as a result of the accident at issue in this case.

65.  Plaintiff Alisa M. Gorchock claims damages for the pecuniary loss suffered by John Gorchock's beneficiaries, namely herself and Lilly R. Gorchock and Rubie J. Gorchock, by reason of the death of John Gorchock and specifically for reimbursement of medical expenses, funeral expenses, and expenses of administration.

66.  Plaintiff Alisa M. Gorchock claims damages resulting from the deprivation of comfort, aid, assistance and society due to the death of John Gorchock.

**WHEREFORE,** Plaintiff Alisa M. Gorchock as Administratrix of the Estate of John M. Gorchock and In Her Own Right demands judgment in her favor and against the Defendants in an

amount in excess of Thirty-Five Thousand Dollars ($35,000.00) including delay damages interest and allowable costs of suit and bring this action to recover same.

## COUNT III – SURVIVAL ACT
### PLAINTIFF V. ALL DEFENDANTS

67.    All preceding paragraphs of this complaint are incorporated here by reference.

68.    Plaintiff Alisa M. Gorchock, Administratrix of the Estate of John Gorchock also brings this action under and by virtue of 42 Pa. C.S.A. § 8302, commonly known as the Pennsylvania Survival Act.

69.    The Estate of John Gorchock claims damages for pain and suffering undergone by the decedent as a result of the Defendants' tortious conduct, up to and including the time of death, and damages for the net amount that John Gorchock would have earned from the date of his death to the end of his life expectancy.

**WHEREFORE**, Plaintiff Alisa M. Gorchock as Administratrix of the Estate of John M. Gorchock and In Her Own Right demands judgment in her favor and against the Defendants in an amount in excess of Thirty-Five Thousand Dollars ($35,000.00) including delay damages interest and allowable costs of suit and brings this action to recover same.

**EDGAR SNYDER & ASSOCIATES**

By: _____

Brad D. Trust, Esquire
IDENTIFICATION NO. 83748
600 GRANT STREET, FL 10
PITTSBURGH, PA 15219
(412) 394-5481

**SALTZ MONGELUZZI BARRETT & BENDESKY**

By: */s/ Robert J. Mongeluzzi*
    Robert J. Mongeluzzi, Esq.
    David L. Kwass, Esq.
    Elizabeth A. Bailey, Esq.
    IDENTIFICATION NO.: 36283/65856/316689
    52ND FLOOR
    1650 MARKET STREET
    PHILADELPHIA, PA 19103
    (215) 496-8282

Attorneys for Plaintiff Alisa M. Gorchock as
Administratrix of the Estate of John M. Gorchock and In
Her Own Right

Date: August 21, 2019

## VERIFICATION

I, Alisa M. Gorchock, individually and as Administratrix of the Estate of John M. Gorchock, Plaintiff herein, hereby verify that the averments of fact contained in the foregoing Complaint in Civil Action are true and correct and based upon my personal knowledge, information or belief. I understand that these averments of fact are made subject to the penalties of 18 Purdons Consolidated Statutes Section 4904, relating to unsworn falsification to authorities.

Date: 8/16/19

Alisa M. Gorchock, Individually and as
Administratrix of the Estate of John M.
Gorchock

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **ALISA M. GORCHOCK as**<br>**Administratrix of THE ESTATE OF**<br>**JOHN M. GORCHOCK and In Her Own**<br>**Right**<br>       *Plaintiff*<br>       v.<br><br>**AECOM C&E, INC, AECOM CONSULT,**<br>**INC., AECOM ENERGY &**<br>**CONSTRUCTION, INC., AECOM FIELD**<br>**SERVICES, LLC, AECOM**<br>**GOVERNMENT SERVICES, INC.,**<br>**AECOM INFRASTRUCTURE, INC.,**<br>**AECOM MANAGEMENT SERVICES,**<br>**INC., AECOM N&E TECHNICAL**<br>**SERVICES, LLC, AECOM POWER**<br>**E&C, INC., AECOME SERVICES OF PA,**<br>**INC., AECOM SERVICES, INC.,**<br>**AECOM SPECIAL MISSIONS**<br>**SERVICES, INC., AECOM TECHNICAL**<br>**SERVICES, INC., AECOM USA, INC.,**<br>**URS CORPORATION, URS**<br>**CORPORATION SERVICES AND ABC**<br>**CORPORATIONS (1-10) , et al.**<br>       *Defendants* | **No.:** |

<u>**CERTIFICATE OF MERIT AS TO DEFENDANTS AECOM C&E, INC., AECOM**</u>
<u>**CONSULT, INC., AECOM ENERGY & CONSTRUCTION, INC., AECOM FIELD**</u>
<u>**SERVICES, LLC, AECOM GOVERNMENT SERVICES, INC., AECOM**</u>
<u>**INFRASTRUCTURE, INC., AECOM MANAGEMENT SERVICES, INC., AECOM N&E**</u>
<u>**TECHNICAL SERVICES, LLC, AECOM POWER E&C, INC., AECOM SERVICES OF**</u>
<u>**PA, INC., AECOM SERVICES, INC., AECOM SPECIAL MISSIONS SERVICES, INC.,**</u>
<u>**AECOM TECHNICAL SERVICES, INC., AECOM USA, INC., URS CORPORATION,**</u>
<u>**URS CORPORATION SERVICES AND ABC CORPORATIONS (1-10)**</u>

I, David L. Kwass , certify that:

☒    an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

☐  the claim that this defendant deviated from acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐  expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.


Respectfully submitted,

EDGAR SNYDER & ASSOCIATES

By:_____
    Brad D. Trust, Esquire
    IDENTIFICATION NO. 83748
    600 GRANT STREET, FL 10
    PITTSBURGH, PA 15219
    (412) 394-5481



SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY:  */s/ Robert J. Mongeluzzi*_____
    ROBERT J. MONGELUZZI
    DAVID L. KWASS
    ELIZABETH A. BAILEY
    Attorneys for Plaintiffs



Dated: August 21, 2019

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

EDGAR SNYDER & ASSOCIATES, LLC

Brad D. Trust, Esquire
Attorney No.: 83748

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| ALISA M. GORCHOCK as Administratrix of THE ESTATE OF JOHN M. GORCHOCK and In Her Own Right<br><br>Plaintiff,<br><br>v.<br><br>AECOM C&E, INC.,<br>AECOM CONSULT, INC.,<br>AECOM ENERGY &<br>CONSTRUCTION, INC.,<br>AECOM FIELD SERVICES, LLC,<br>AECOM GOVERNMENT SERVICES, INC.,<br>AECOM INFRASTRUCTURE, INC.,<br>AECOM MANAGEMENT SERVICES, INC.,<br>AECOM N&E TECHNICAL<br>SERVICES, LLC,<br>AECOM POWER E&C, INC.,<br>AECOM SERVICES OF PA, INC.,<br>AECOM SERVICES, INC.,<br>AECOM SPECIAL MISSIONS<br>SERVICES, INC.,<br>AECOM TECHNICAL SERVICES, INC.,<br>AECOM USA, INC.,<br>URS CORPORATION,<br>URS CORPORATION SERVICES, and<br>ABC CORPORATIONS (1-10)<br><br>Defendants. | CIVIL DIVISION<br><br>JURY TRIAL DEMANDED<br><br>Submitted on behalf of:<br>Plaintiff, Alissa M. Gorchock as Administratrix of the Estate of John M. Gorchock and in her own right<br><br>DOCKET NO.: GD-19-11905 |

Counsel of Record for this Party:
Robert J. Mongeluzzi, Esquire
Pa. ID#: 36283

David L. Kwass, Esquire
Pa. ID#: 65856

Elizabeth A. Bailey, Esquire
Pa. ID#: 316689

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
One Liberty Place
52nd Floor
1650 Market Street
Philadelphia, Pa 19103
(215) 496-8282
Facsimile: (215) 496-0999

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

|  |  |
|---|---|
| | CIVIL DIVISION |
| ALISA M. GORCHOCK as Administratrix of THE ESTATE OF JOHN M. GORCHOCK and In Her Own Right | JURY TRIAL DEMANDED |
| | DOCKET NO.: GD-19-11905 |
| Plaintiff, | |
| v. | |
| AECOM C&E, INC., AECOM CONSULT, INC., | |

AECOM ENERGY &
CONSTRUCTION, INC.,
AECOM FIELD SERVICES, LLC,
AECOM GOVERNMENT SERVICES, INC.,
AECOM INFRASTRUCTURE, INC.,
AECOM MANAGEMENT SERVICES, INC.,
AECOM N&E TECHNICAL
SERVICES, LLC,
AECOM POWER E&C, INC.,
AECOM SERVICES OF PA, INC.,
AECOM SERVICES, INC.,
AECOM SPECIAL MISSIONS
SERVICES, INC.,
AECOM TECHNICAL SERVICES, INC.,
AECOM USA, INC.,
URS CORPORATION,
URS CORPORATION SERVICES, and
ABC CORPORATIONS (1-10)

Defendants.

## **JURY DEMAND**

Plaintiff Alissa M. Gorchock as Administratrix of the Estate of John M. Gorchock and in

her own right, by and through her attorneys, Saltz, Mongeluzzi, Barrett & Bendesky, P.C.,

hereby demands a jury of twelve (12) persons in the above-captioned matter.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY: */s/ David L. Kwass*
DAVID L. KWASS, ESQUIRE
ELIZABETH A. BAILEY

Dated: 9/3/19